UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**FILED**

DEC 28 2023

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                              INDICTMENT NO. 6:23-cr-73-REW

█████████
aka █████
**CHARLES PHILLIP DOZIER,**
**DAVID HALE, and**
█████████

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 21 U.S.C. § 846

From in or about October 2022, the exact date unknown, and continuing until on or about September 8, 2023, in Laurel County, Bell County, Harlan County, and Fayette County, in the Eastern District of Kentucky, and elsewhere,

█████████
aka █████
**CHARLES PHILLIP DOZIER,**
**DAVID HALE, and**
█████████

did conspire, with each other and others, to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Before █████████████████████ committed the offense charged in this

count, ███████████████ had a final conviction for a serious drug felony, namely, a conviction under Ohio Revised Code, Section 2925.03, aggravated drug trafficking, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before **CHARLES PHILLIP DOZIER** committed the offense charged in this count, **CHARLES PHILLIP DOZIER** had final convictions for serious drug felonies, namely, a conviction under Kentucky Revised Statute § 218A.1412, trafficking in controlled substances, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

Before **DAVID HALE** committed the offense charged in this count, **DAVID HALE** had a final conviction for serious drug felony, namely, a conviction under Kentucky Revised Statute § 218A.1412, trafficking in controlled substances, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about January 6, 2023, in Fayette County, in the Eastern District of Kentucky,

▇▇▇ did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before ▇▇▇ committed the offense charged in this count, ▇▇▇ had a final conviction for a serious drug felony, namely, a conviction under Ohio Revised Code, Section 2925.03, aggravated drug trafficking, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about February 14, 2023, in Harlan County, in the Eastern District of Kentucky,

### CHARLES PHILLIP DOZIER

did knowingly and intentionally possess with the intent to distribute controlled substances, including 50 grams or more of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **CHARLES PHILLIP DOZIER** committed the offense charged in this count, **CHARLES PHILLIP DOZIER** had final convictions for serious drug felonies, namely, a conviction under Kentucky Revised Statute § 218A.1412, trafficking in controlled substances, for which he served more than 12 months of imprisonment and for

which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

## COUNT 4
## 18 U.S.C. § 924(c)(1)(A)

On or about February 14, 2023, in Harlan County, in the Eastern District of Kentucky,

### CHARLES PHILLIP DOZIER

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 3, that is possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. a Schedule II controlled substances. all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about March 1, 2023, in Laurel County, in the Eastern District of Kentucky,

███████████████

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 21 U.S.C. § 841(a)(1)

On or about September 8, 2023, in Bell County, in the Eastern District of Kentucky,

## DAVID HALE

did knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **DAVID HALE** committed the offense charged in this count, **DAVID HALE** had a final conviction for serious drug felony, namely, a conviction under Kentucky Revised Statute § 218A.1412, trafficking in controlled substances, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)(1)
### 28 U.S.C. § 2461

1.  By virtue of the commission of the felony offenses alleged in Counts 1, 3, and 6 of the Indictment, the Defendants shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 846 and 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 846 and 841. Any and all interest that the Defendants have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.  By virtue of the commission of the offense alleged in Count 4 of the Indictment, Charles Phillip Dozier shall forfeit to the United States any and all firearms

and associated ammunition and accessories involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. Any and all interest that Charles Phillip Dozier has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
$800.00 in United States currency seized from David Hale on September 8, 2023.

**FIREARM AND AMMUNITION**
9mm Ruger semi-automatic handgun S/N: 32782309 seized from Charles Phillip Dozier on February 14, 2023.

4. If any of the property listed above, as a result of any act or omission of the Defendants, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **CHARLES PHILLIP DOZIER** and **DAVID HALE** have in the above-described property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461.

A TRUE BILL.

▬▬▬▬▬▬▬▬▬▬▬▬
FOREPERSON

_____
**CARLTON S. SHIER IV**
**UNITED STATES ATTORNEY**

# PENALTIES

## COUNTS 1, 3 and 6 :

Not less than 10 years and not more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years of supervised release.

### If Prior Serious Drug or Violent Felony Conviction:
Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

## COUNTS 2 and 5:

Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years of supervised release.

### If Prior Serious Drug or Violent Felony Conviction:
Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

## COUNT 4:
Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.